UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIKA COOK | CIVIL ACTION |
| VERSUS | NO: 19-00387 |
| SYNCSTREAM SOLUTIONS, LLC A/K/A DBA ENACT LLC AND CINDY HEINE | SECTION: T(2) |

## ORDER

Before the Court is a Motion for Summary Judgment[1] and reply brief[2] filed by SyncStream Solutions LLC ("SyncStream") and Cindy Heine ("Heine") (collectively, "Defendants"). Erika Cook ("Plaintiff") has filed an opposition.[3] For the following reasons, the motion for summary judgment is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This action involves Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and La. C.C. art. 2315 against her former employer, SyncStream, and her former supervisor, Heine.[4] Plaintiff was employed by SyncStream as Director of Operations from September 12, 2016 to December 29, 2016, and was also "leased" to EnAct, LLC through an administrative services agreement.[5] During her employment, Plaintiff alleges she was sexually harassed, subjected to religious prayer sessions in the workplace, and retaliated against after making a formal complaint.[6]

---

[1] R. Doc. 14.
[2] R. Doc. 30.
[3] R. Doc. 22.
[4] R. Doc. 1.
[5] R. Doc. 22, p.1.
[6] R. Doc. 22, p.1.

1

Plaintiff alleges that Heine hugged Plaintiff by "pressing her body and breasts hard against other female employee's breasts and with her hands touching their backs near their buttocks in a sexually inappropriate manner."[7] Plaintiff testified that one hug occurred in October 2016, and "it was literally an all-on hands, like, bear hug."[8] Plaintiff also testified that when she was walking away, Heine "tapped me toward my lower back when I was leaving the room."[9] A couple of weeks later, Heine gave her "a really, very tight breast-to-breast hug."[10] These two incidents form the basis of Plaintiff's sexual harassment claim.

Plaintiff also alleges that employees were required to engage in Christian prayers together.[11] Plaintiff discussed her concerns with SyncStream's human resources manager, Virginia Blanque, but no action was taken to prohibit the behavior from continuing.[12] Plaintiff prepared a letter outlining her complaints regarding sexual harassment and religious discrimination and gave the letter to Heine on December 29, 2016.[13]

Defendants contend they decided to terminate Plaintiff on December 20, 2016 because their business was declining.[14] Defendants intended to inform Plaintiff of her termination at a December 29, 2016 meeting.[15] Once the meeting began, Heine attempted to inform Plaintiff that she was being laid off, but Plaintiff interrupted by handing Heine a handwritten letter complaining of sexual harassment and religious discrimination.[16] Defendants continued with their plan to

---

[7] R. Doc. 1, ¶9.
[8] R. Doc. 14-1, 166;2-23.
[9] R. Doc. 14-1, 168;23-25.
[10] R. Doc. 14-1, 170;4-5.
[11] R. Doc. 1, ¶12.
[12] R. Doc. 1, ¶9.
[13] R. Doc. 1, ¶25.
[14] R. Doc. 14-8, p.2.
[15] R. Doc. 14-8, p.3.
[16] R. Doc. 14-8, p.3.

2

terminate Plaintiff and presented her with a pre-prepared termination notice, which Plaintiff signed.[17]

Following her termination, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging her termination was retaliatory and that she was the victim of discrimination on the basis of her sex (for hugging) and religion (for prayer in the workplace).[18] On October 19, 2018, Plaintiff filed a second charge of discrimination, claiming retaliation because Defendants allegedly provided false information to a prospective employer.[19] Specifically, Plaintiff alleged she received a job offer from a company named Takeda in July 2018, but the offer was revoked in August 2018 because one of Defendants' representatives, Gloria Guillory, informed the background check company that Plaintiff was "terminated" as opposed to specifying that her termination was due to a layoff.[20]

On January 18, 2019, Plaintiff initiated this action against Defendants for sexual harassment, a hostile work environment based on religious discrimination, and retaliation.[21] Plaintiff also seeks damages under La. C.C. art. 2315.[22] Defendants now move for summary judgment asserting that the undisputed material facts show Plaintiff cannot succeed on any of her claims.[23]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] When assessing

---

[17] R. Doc. 14-8, p.3.
[18] R. Doc. 14-8, p.4.
[19] R. Doc. 14-8, p.4.
[20] R. Doc. 14-8, p.5.
[21] R. Doc. 1, p.11-14.
[22] R. Doc. 1, pp.17.
[23] R. Doc. 77-1, pp.3-4.
[24] Fed. R. Civ. P. 56(a).

whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[25] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[26] The party seeking summary judgment bears the burden of showing the absence of a genuine issue of material fact.[27] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[28]

**1. Plaintiff's Sexual Harassment Claim**

Plaintiff alleges she was subjected to sexual harassment by Heine inappropriately hugging her twice during her employment.[29] Where a harassment claim arises out of a supervisor's conduct, there are four elements of a hostile working environment claim: (1) the employee belongs to a protected class; (2) the employee was subjected to unwelcome sexual harassment; (3) the harassment was based on the employee's sex; and (4) the harassment affected a term, condition, or privilege of employment.[30] Defendants argue summary judgment is appropriate because Plaintiff cannot prove the third and fourth elements.[31]

In a same-sex sexual harassment case, as here, the court first determines whether the conduct in question constitutes discrimination based on sex.[32] A plaintiff can show that the alleged harassment was based on sex in one of three ways.[33] First, the plaintiff may show "that the alleged

---

[25] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[26] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[27] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[28] *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[29] R. Doc. 22, p.9.
[30] *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.,* 731 F.3d 444, 453 (5th Cir. 2013).
[31] R. Doc. 14-8, p.9.
[32] *La Day v. Catalyst Tech., Inc,* 302 F.3d 474, 478 (5th Cir. 2002).
[33] *La Day,* 302 F.3d at 478.

4

harasser made 'explicit or implicit proposals of sexual activity' and provide 'credible evidence that the harasser was homosexual.'"[34] Second, the plaintiff "can demonstrate that the harasser was 'motivated by general hostility to the presence of [members of the same sex] in the workplace.'"[35] Third, the plaintiff "may 'offer direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.'"[36]

Plaintiff has not alleged that Heine made proposals of sexual activity or that Heine was motived by general hostility toward women in the workplace. Thus, Plaintiff must offer direct, comparative evidence about how Heine treated members of both sexes in the workplace. Defendants assert Plaintiff cannot establish the alleged harassment was based on Plaintiff's sex because "it is undisputed that Heine hugged men and women, without regard to gender."[37] Defendants cite Plaintiff's testimony that Heine "likes to greet people that way… [s]he does hug people."[38] Defendants also cite Heine's declaration stating, "I frequently use hugs as a way of greeting people, including my friends and co-workers of all genders,"[39] and employee Brian Hall's declaration stating, "Heine has hugged me and others in the past, and I have never been offended by her hugs."[40]

Plaintiff's opposition argues that Heine may have hugged both genders when greeting them, but the fashion in which she hugged women was "uniquely and overtly inappropriate."[41] Although Plaintiff claims Heine hugged women in a uniquely and overtly inappropriate way, Plaintiff has not produced any competent summary judgment evidence to contradict Defendants'

---

[34] *La Day,* 302 F.3d at 478 (*quoting Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)).
[35] *La Day,* 302 F.3d at 478 (*quoting Oncale*, 523 U.S. at 80).
[36] *La Day,* 302 F.3d at 478 (*quoting Oncale*, 523 U.S. at 80).
[37] R. Doc. 14-8, p.9.
[38] R. Doc. 14-8, p.9 (*citing* R. Doc. 14-1, p.173).
[39] R. Doc. 14-8, p.9 (*citing* R. Doc. 14-5, ¶15).
[40] R. Doc. 14-8, p.9 (*citing* R. Doc. 14-6, ¶10).
[41] R. Doc. 22, p.10.

evidence supporting that Heine treated members of both sexes the same in the workplace. Plaintiff has failed to establish that the alleged harassment was based on her sex, because the undisputed material facts show that Heine hugged members of both sexes. Thus, the Court finds that Defendants are entitled to judgment as a matter of law dismissing Plaintiff's Title VII sexual harassment claim.

### 2. Plaintiff's Hostile Work Environment Claim

Plaintiff alleges she was subjected to a hostile work environment because there was an expectation "that Christian prayer was required during Morning Huddles."[42] To establish a hostile work environment claim under Title VII, a plaintiff must show that: (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.[43]

A plaintiff must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable.[44] To determine whether conduct creates a hostile work environment, the court must consider the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interfered with the plaintiff's work performance.[45] Defendants argue summary judgment is appropriate because Plaintiff cannot meet the severe or pervasive standard.[46]

---

[42] R. Doc. 1, ¶46.
[43] *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393 (5th Cir.2007).
[44] *Frank v. Xerox Corp.,* 347 F.3d 130, 138 (5th Cir.2003) (*citing Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).
[45] *Frank,* 347 F.3d at 138.
[46] R. Doc. 14-8, p.14.

6

It is undisputed that sometimes morning huddles, occurring on Tuesday and Thursday of each week, began with moments of silence, and other times, the huddles began with prayers.[47] Plaintiff testified that sometimes Heine led the morning huddles, and would sometimes ask "what did we want to pray about,"[48] or say, "Lord God, you know, we're thankful for ABC, for these sales, or we're thankful for this, or I would say generic prayer."[49] Plaintiff also testified management made religious references by saying "Lord God" in the office place,[50] and sometimes there were references made "to 'Lord God' on calls and terminology around 'blessed.'"[51]

Based on the undisputed facts, the frequency and severity of the alleged discriminatory conduct was limited. Plaintiff did not specifically identify the number of prayers that occurred but indicated that prayers only occurred briefly and periodically at Tuesday and Thursday morning meetings. Additionally, Plaintiff testified that she was not required to attend the morning meetings.[52] Plaintiff's testimony that the prayers made her "uncomfortable"[53] fails to demonstrate that the alleged discriminatory conduct was physically threatening, humiliating, or an unreasonable interference with her work performance. Plaintiff has, therefore, failed to establish that the alleged harassment was severe or pervasive under Title VII. Thus, the Court finds that Defendants are entitled to judgment as a matter of law dismissing Plaintiff's hostile work environment claims.

### 3. Plaintiff's Title VII Retaliation Claim

Plaintiff alleges she was retaliated against by being terminated and by Defendants' actions causing her to lose her subsequent job offer.[54] Title VII makes it unlawful for an employer to

---

[47] R. Doc. 14-2, 126;14-21.
[48] R. Doc. 14-2, 127;22.
[49] R. Doc. 14-2, 128;23-25-129;1.
[50] R. Doc. 14-2, 124;10-24.
[51] R. Doc. 14-2, 118;18-23.
[52] R. Doc. 14-2, 132-134.
[53] R. Doc. 14-2, 136;1.
[54] R. Doc. 1, ¶57 and ¶63.

retaliate against an employee who opposes an employment practice that violates Title VII.[55] To establish a *prima facie* case of retaliation, a plaintiff must show that (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action.[56] Summary judgment is appropriate if the plaintiff cannot support all three elements.[57]

### a) Plaintiff's Termination

Defendants contend Plaintiff cannot meet her burden of establishing the third element of a causal connection between the protected activity and the adverse action.[58] In retaliation claims, the plaintiff must show that the protected activity is the "but for" cause of the adverse employment action.[59] The undisputed evidence shows Defendants had no knowledge of Plaintiff's concerns of discrimination and harassment when deciding to terminate Plaintiff on December 20, 2016.[60] Heine's declaration indicates that the decision to terminate Plaintiff was made on December 20, 2016,[61] and that Plaintiff's letter played no role in her termination.[62] Employee Brian Hall's declaration, likewise, states that the decision to terminate Plaintiff was made on December 20, 2016,[63] and that the first time he became aware of Plaintiff's concerns was on December 29, 2016.[64]

---

[55] 42 U.S.C. § 2000e–3(a).
[56] *Stewart v. Mississippi Transp. Comm'n,* 586 F.3d 321, 331 (5th Cir. 2009) *(citing Aryain v. Wal–Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir.2008)).
[57] *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 769 (5th Cir.2001).
[58] R. Doc. 14-8, p.17.
[59] *Claiborne v. Recovery Sch. Dist.,* 690 F. App'x 249, 259 (5th Cir. 2017).
[60] R. Doc. 14-5, ¶13; R. Doc. 14-6, ¶¶5-6.
[61] R. Doc. 14-5, ¶10
[62] R. Doc. 14-5, ¶13.
[63] R. Doc. 14-6, ¶5.
[64] R. Doc. 14-6, ¶9.

Although Plaintiff claims it is contested whether the decision to terminate Plaintiff was made before or during the December 29, 2016 meeting,[65] Plaintiff has produced no competent summary judgment evidence to refute Defendants' evidence showing that the decision was made on December 20, 2016 before Defendants became aware of Plaintiff's complaints. The undisputed material facts, therefore, show that Plaintiff's complaints were not the "but for" cause of her termination. The Court finds that Defendants are entitled to judgment as a matter of law dismissing Plaintiff's Title VII retaliation claim for Plaintiff's termination.

### b) Plaintiff's Subsequent Prospective Employment

Plaintiff alleges Defendants retaliated against her by making a false representation to Plaintiff's prospective employer.[66] Defendants contend Plaintiff cannot meet her burden of establishing a *prima facie* case of retaliation because Defendants' representations to Plaintiff's prospective employer were truthful,[67] and because Plaintiff cannot show that Defendants' representations caused the prospective employer not to hire Plaintiff.[68]

On December 29, 2016, Plaintiff signed a letter acknowledging that she had been informed that her "current position in SyncStream Solutions LLC/EnAct LLC has been terminated."[69] In July 2018, Plaintiff's prospective employer asked Defendants about Plaintiff's reason for leaving and eligibility for rehire.[70] Defendants indicated Plaintiff was "terminated" and responded "cannot comment due to company policy" and "unable to verify" regarding whether Plaintiff was eligible for rehire.[71] The undisputed material facts support that Defendants' representation regarding Plaintiff's departure from SyncStream were true. Additionally, Plaintiff has failed to present any

---

[65] R. Doc. 22, p.6.
[66] R. Doc. 1, ¶62.
[67] R. Doc. 14-8, p.20.
[68] R. Doc. 14-8, p.22.
[69] R. Doc. 22-11.
[70] R. Doc. 22-17.
[71] R. Doc. 22-17.

competent summary judgment evidence to show that Defendants' response to the prospective employer's questions was the "but for" cause of Plaintiff's failure to obtain the job. Thus, the Court finds that Defendants are entitled to judgment as a matter of law dismissing Plaintiff's Title VII retaliation claim for Plaintiff's termination.

4. **Plaintiff's Claim Against Heine Under La. C.C. art. 2315**

Plaintiff concedes that Heine cannot be sued under Title VII but argues that she has a valid claim against Heine under La. C.C. art. 2315.[72] Defendants contend that Plaintiff's claims under La. C.C. art. 2315 have prescribed because the alleged hugs occurred in 2016, and this lawsuit was not filed until over two years later in January 2019.[73] La. C.C. art. 3492 provides, "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." Plaintiff's allegations involve incidents that occurred during her employment with SyncStream from September 12, 2016 to December 29, 2016.[74] Thus, the undisputed material facts demonstrate that over a year has passed since the day Plaintiff's injury or damage was sustained. Therefore, the Court finds that Defendants are entitled to judgment as a matter of law dismissing Plaintiff's claims under La. C.C. art. 2315.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana**, on this __9th__ day of October, 2019.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[72] R. Doc. 22, p.16.
[73] R. Doc. 30, p.7.
[74] R. Doc. 22, p.1.

10